**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
|  | : | 11-CR-82-2 |
| v. | : |  |
|  | : | CIVIL ACTION |
| JOSEPH BRAUBITZ | : | 13-CV-6079 |

**M E M O R A N D U M**

**Stengel, J.**                                                                                          **June 16, 2014**

On October 29, 2013, I denied Joseph Braubitz's motion to vacate, set aside, and/or correct his sentence pursuant to 28 U.S.C. § 2255 because he had waived his rights to appeal under his plea agreement. See Doc. No. 62. Mr. Braubitz filed a timely appeal of that decision to the Court of Appeals for the Third Circuit, which remanded the case for the sole purpose of addressing whether a certificate of appealability should issue. See Doc. No. 68. For the following reasons, I find that a certificate of appealability should not issue.

Congress has mandated that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Title 28 of the United States Code, Section 2253(c) provides:

(1)   Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –

  (A)   the final Order in a *habeas corpus* proceeding in which the detention complained of arises out of process issued by a State court; or

  (B)   the final Order in a proceeding under Section 2255.

    (2)    A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3)    The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

As part of his plea agreement, Mr. Braubitz waived his right to collaterally attack his sentence under 28 U.S.C. § 2255.[1] Waivers of appeals are strictly construed by the Third Circuit. United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001). According to the Third Circuit, "waivers of appeals are generally permissible if entered into knowingly and voluntarily, unless there is a miscarriage of justice." Id. To conclude that there has been a "miscarriage of justice," district courts consider "the clarity of the error, its gravity, its character . . . the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Khattak, 273 F.3d at 573 (adopting the case-by-case approach for determining a miscarriage of justice established in United States v. Teeter, 257 F.3d 14, 26 (1st Cir. 2001)).

The Third Circuit has not directly addressed the issue of waiver of the right to collateral attack. Other courts in this district, however, have held that the principles found in Khattak should apply to a waiver of the right to collaterally attack a federally-imposed conviction. See, e.g., United States v. Chancley, Civ. A. No. 04-4902, 2006 WL 463389, at *4 (E.D. Pa. Feb. 23, 2006); United States v. Fagan, Civ. A. No. 04-2176, 2004 WL

---

[1] Doc. No. 41 at ¶ 7. The Assistant U.S. Attorney also stated that Mr. Braubitz gave up his right to collaterally attack his conviction as part of the agreement when she outlined the terms of the agreement during the plea hearing. See Plea Transcript at 10, lines 11-21.

2

2577553, at *3 (E.D. Pa. Oct. 4, 2004); <u>United States v. Robinson</u>, Civ. A. No. 04-884, 2004 WL 1169112, at *9-10 (E.D. Pa. April 30, 2004).

There is nothing in the record to indicate that Mr. Braubitz did not sign the Plea Agreement knowingly and voluntarily. At his plea hearing, I questioned Mr. Braubitz about his understanding of the agreement and his assent to its terms.[2] Mr. Braubitz, a high school graduate with some college education, confirmed at his plea hearing that he had read the agreement and consulted with counsel before signing it.[3] Not only did I ask Mr. Braubitz if he understood the plea agreement, the elements of his crime, and what rights he was giving up by entering the agreement, I also asked his counsel if Mr. Braubitz understood the agreement and its parts at the hearing with Mr. Braubitz present.[4] After both sets of questions, Mr. Braubitz entered his plea of guilty.[5] Mr. Braubitz offers no indication why his assent to the agreement during that hearing and his answers during his colloquy should now be invalidated. For these reasons, I find that Mr. Bruabitz knowingly and willingly entered into his plea agreement, waiving his right to collateral attack his conviction. There is nothing in the record that would amount to a miscarriage of justice.

Furthermore, Mr. Braubitz's motion offers no meritorious basis for relief.[6] He

---

[2] <u>See</u> Plea Transcript at 4-8. The plea hearing was sealed. For this reason, my references to the hearing are stated in general terms with citations to the transcript.

[3] Plea Transcript at 6.

[4] <u>Id.</u> at 22-23.

[5] <u>Id.</u> at 24, lines 1-7.

[6] While I recognize that Mr. Braubitz's waiver of his collateral attack rights and his assent to this waiver knowingly and voluntarily should end the analysis, I will briefly discuss the merits of Mr. Braubitz's motion because his claims

3

claims that his plea should be struck as void because: 1) his plea agreement was contractually flawed; and 2) because he received ineffective assistance of counsel regarding the agreement.

Mr. Braubitz attempts to convert contract law into constitutional law.[7] He asserts that the plea agreement failed to provide consideration and "mutual assent" under the Restatement Second of Contracts. As already I indicated, there is no evidence to show that Mr. Braubitz did not knowingly and willfully assent to the agreement.[8] As a result of his plea agreement, Mr. Braubitz was afforded a substantial reduction in his sentence—this being the "consideration" under his agreement that Mr. Braubitz claims was lacking.[9]

Mr. Braubitz also claims that his attorney did not fully advise him of what the agreement entailed and that he was forced to sign a "contract of adhesion."[10] This claim of ineffective assistance also has no merit. See Strickland v. Washington, 466 U.S. 668, 687 (1984). When I asked Mr. Braubitz during his plea hearing if he had enough of a chance to

---

address the validity of the plea agreement itself.

[7] While the arguments in his petition are somewhat unique and offer some interesting points, they are of no legal merit. The constitutional right to contract is not one implicated in criminal proceedings.

[8] As he even explained in his motion, my colloquy of him at his plea hearing—along with his signature—satisfy the assent element of contract law. See Doc. No. 61 at 24 (analogizing the parts of the colloquy to elements of contract law).

[9] Mr. Braubitz was ultimately sentenced to 15 months. See Doc. No. 60 at 2. Mr. Braubitz's charges would have amounted to a sentencing range between 24-30 months if he had been convicted by a jury. His charge of malicious destruction of property alone would typically carry a mandatory minimum sentence of 5 years and a maximum sentence of 25 years. See Plea Transcript at 16, lines 4-8.

[10] He also claims at one point he did not get a copy of the document but then later in the petition says he got to see it for fifteen minutes before signing it. See Doc. No. 61 at 6, 16. He admits in his petition that he spoke with his attorney about the agreement before signing it. See id. at 6.

talk with his attorney about the agreement, he said he had.[11] When asked, Mr. Braubitz also indicated he was satisfied with his counsel's representation.[12] He simply claims now that his attorney failed to fully advise him of his rights under the agreement without explaining specifically what error the attorney made. He also offers nothing about how his counsel's failure to advise him on his plea agreement caused him prejudice.[13]

In his motion to vacate, set aside, and/or correct his sentence, Mr. Braubitz failed to demonstrate that any of his constitutional rights had been violated during his criminal proceedings here. Accordingly, the issuance of a certificate of appealability on any of Mr. Braubitz's claims is improper.

An appropriate Order follows.

---

[11] Id. at 6, lines 22-25.

[12] Id. at 7, lines 1-9.

[13] I will note that Mr. Braubitz does not make actual innocence claims in his petition.